UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KELVIN SETTLE, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No. 4:09-CV-1928 (CEJ) |
| BANK OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Bank of America, N.A.,[1] to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiffs filed no opposition, and the time allowed for doing so has expired.

**I.    Background**

Plaintiffs Kelvin Settle and Sheilalla Settle own properties located at 3504 Wyoming, 1419 Montrose, and 4243 Washington within the City of St. Louis. Defendant issued four mortgage loans to Mr. Settle for each property.

On or about July 21, 2009, plaintiffs served two documents entitled "Private International Administrative Remedy Demand No. KS-072109-MJ" and "Conditional Accept[ance] for Value for Proof of Claim" on defendant by certified U.S. mail. (Doc. #6, at 1, para. 3). Defendant did not respond to these documents.

On or about September 16, 2009, defendant notified Mr. Settle that he had failed to make the payments on his mortgage loans. (Doc. #1- 2, at 60). Plaintiffs did not request verification of this debt.

On October 21, 2009, plaintiffs filed a petition in the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), alleging that defendant violated the Fair

---

[1]Plaintiffs improperly identify defendant as Bank of America.

Debt Collection Practices Act (FDCPA),15 U.S.C. § 1692g, and that the mortgage loans were based on fraud."[2] On November 24, 2009, defendant removed the action to this Court. The defendant now moves to dismiss the action for failure to state a claim.

II. <u>Legal Standard</u>

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." <u>Bell Atlantic Corp. v. Twombly</u>, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) <u>citing</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002); <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. <u>Id.</u> A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1974. <u>See also</u> <u>id.</u> at 1969 ("no set of facts" language in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 1965.

III. <u>Plaintiffs' FDCPA Claim</u>

In their complaint, plaintiffs allege that defendant violated of 15 U.S.C. § 1692g of the FDCPA, which provides, in relevant part, that:

---

[2]Throughout their complaint, plaintiffs repeatedly cite to the Uniform Commercial Code (UCC). <u>See</u> (Doc. #6). Because the mortgage loans are contracts regarding real property, the UCC does not apply.

<u>Within five days after the initial communication with a consumer in connection with the collection of any debt</u>, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

<u>If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt</u>, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, <u>the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, is mailed to the consumer by the debt collector</u>. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure

of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(a)-(b) (emphasis added).

In this case, plaintiffs mailed defendant the documents entitled "Private International Administrative Remedy Demand" and "Conditional Acceptance for Value

for Proof of Claim" on July 21, 2009 in hopes of discharging their four mortgage loans. However, plaintiffs did not receive defendant's initial communication of debt collection until on or about September 16, 2009. Because plaintiffs' complaint contains no allegations that, prior to July 21, 2009, defendant notified plaintiffs that the mortgage loans were in default, the Court finds that plaintiffs have failed to allege that defendant was obligated to respond to plaintiffs' July 21, 2009 written notification. As such, the Court concludes that plaintiffs have failed to allege sufficient facts to establish that defendant violated the FDCPA.

IV. **Plaintiffs' Fraud Claim**

Defendant also argues the Court should dismiss plaintiffs' claim that the mortgage loans ware based on fraud for failure to allege facts with particularity. Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The Eighth Circuit explains that "'[c]ircumstances' include such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co., 48 F.3d 1066, 1069 (8th Cir. 1995) (citations and quotations omitted). Here, plaintiffs only allege that the mortgage loans were based on fraud. Plaintiffs offer no facts to support this bare allegation. The Court, therefore, finds that the complaint fails to state a claim of fraud.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of defendant Bank of America, N.A., to dismiss plaintiffs' complaint [Doc. #10] is **granted**.

**IT IS FURTHER ORDERED** that all other pending motions are **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2010.